**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 29 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

ROBERT GENE HAMILTON,

    Defendant-Appellant.

No. 98-5177
(N. District of Oklahoma)
(D.C. No. 97-CV-711-K)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, **McKAY,** and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This case is before the court on *pro se* petitioner Robert Hamilton's motion for issuance a certificate of appealability ("COA"). Hamilton seeks a COA so

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

that he can appeal the district court's denial of his motion to vacate, set aside, or correct sentence brought pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(b) (providing that a petitioner may not appeal the denial of a § 2255 petition unless that petitioner first obtains a COA). Because Hamilton has not made "a substantial showing of the denial of a constitutional right," this court **denies** Hamilton's request for a COA and **dismisses** the appeal. *See id.* § 2253(c)(2).

The facts and procedural history of this case, in abbreviated form, are as follows. Hamilton and several other individuals were charged with conspiracy to possess with intent to distribute large quantities of cocaine and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. According to the indictment, Hamilton obtained the drugs and directed others in the conspiracy to distribute the drugs and collect the proceeds. Hamilton pleaded guilty to the charges pursuant to a plea agreement signed in April of 1996. In the plea agreement, Hamilton admitted to being part of a drug distribution conspiracy and acknowledged that although the United States Code called for a term of imprisonment of ten years to life, his ultimate sentence would be calculated pursuant to the United States Sentencing Guidelines ("sentencing guidelines" or "U.S.S.G.").

The Probation Office prepared a Presentence Report ("PSR"), to which defense counsel filed written objections. After considering the parties' arguments, the district court adopted the PSR *in toto*, excepting only that portion of the PSR which called for a two-point enhancement for obstruction of justice. The district court sentenced Hamilton to 190 months imprisonment, a sentence at the low end of the sentencing range of 188-235 months. Hamilton did not appeal his sentence.

In July of 1997, Hamilton filed a motion through retained counsel Thomas M. Askew seeking, *inter alia*, "recognition of cooperation." Hamilton alleged that in September of 1996, he submitted to the U.S. Attorney a statement regarding his offer to voluntarily cooperate with the government. Hamilton apparently filed his motion to preserve the date of his earliest offer of assistance for purposes of any Rule 35(b) motion which the government might later file. The district court granted this motion and recognized that Hamilton proffered information to the United States Attorney's office in September of 1996.

On August 5, 1997, Hamilton filed this *pro se* motion pursuant to § 2255, raising ineffective assistance of counsel as the sole ground for relief. Specifically, Hamilton asserted that his counsel had refused to allow Hamilton to cooperate with the United States Attorney and had failed to inform Hamilton of the possibility of receiving a reduced sentence pursuant to U.S.S.G. § 5K1.1 or

Fed. R. Crim. P. 35(b) if cooperation provided the United States with substantial assistance. Hamilton requested the following relief: (1) a Court-ordered "debriefing" at which Hamilton could provide the government with information about illegal drug activities; and (2) that he be resentenced with an "on the record" statement that if he offers substantial assistance, the United States Attorney has the discretionary authority to file a motion for reduction of sentence pursuant to § 5K1.1 and/or Rule 35(b).

In a thorough and well-written order, the district court denied Hamilton's § 2255 motion. As to Hamilton's claim of ineffective assistance, the district court noted that Hamilton's counsel had not rendered substandard performance in failing to inform Hamilton about the possible benefits of cooperating with the government because the government had no interest in cooperating with Hamilton. The district court found that the United States viewed Hamilton as the ringleader of the extensive drug conspiracy and considered him the ultimate target of the investigation. According to the district court, this conclusion was further borne out by the government's continuing indifference to Hamilton's many proffers of cooperation following his sentencing. Construing Hamilton's *pro se* motion liberally, the district court also rejected the notion that the United States Attorney's Office had engaged in prosecutorial misconduct based on its failure to give Hamilton a chance to cooperate with the government. The district

court noted that Hamilton did not have an absolute right, flowing either from the Constitution, sentencing guidelines, or Rule 35(b), to cooperate and earn a downward adjustment to his sentence. Furthermore, the plea agreement did not provide Hamilton with such a right and Hamilton had presented no evidence that the government had refused his cooperation based on an unconstitutional motive. Accordingly, Hamilton was not entitled to any relief.

This court has reviewed Hamilton's request for a certificate of appealability and appellate brief, the district court order, and the entire record on appeal. That review demonstrates that the district court's order denying relief is not deserving of further proceedings, debatable among jurists of reason, or subject to different resolution on appeal. *See Barefoot v. Estelle*, 463 U.S. 880, 893 (1983). Accordingly, Hamilton has not made a substantial showing of the denial of a constitutional right and is not entitled to a certificate of appealability. 28 U.S.C. § 2253(c)(1)(b). Accordingly, this court **DENIES** Hamilton's request for a certificate of appealability for substantially those reasons set out in the district court order dated August 12, 1998, and **DISMISSES** this appeal.

ENTERED FOR THE COURT:


Michael R. Murphy
Circuit Judge